UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA WILLIAMS,

        Petitioner,

v.

SHAWN BREWER,

        Respondent.
_____/

Case Number: 4:18-CV-11693

Stephanie Dawkins Davis
U.S. District Judge

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Maria Williams, a prisoner in the custody of the Michigan Department of Corrections, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Williams challenges her second-degree murder conviction, Mich. Comp. Laws § 750.317. For the reasons discussed, the Court denies the petition and denies a certificate of appealability. The Court grants Williams leave to proceed *in forma pauperis* on appeal.

**I.    BACKGROUND**

Williams was charged in St. Joseph County Circuit Court with first-degree murder and felony firearm for the murder of Dennis Brooks. On March 13, 2014, Williams picked Brooks up from his mother's home in Burr Oak, Michigan. (ECF No. 9-9, PageID.20-21). She did so even though she had obtained a Personal

Protection Order against Brooks. Williams drove her vehicle to a secluded location where she and Brooks argued about their relationship and Brooks' drug use. (*Id.*; ECF No. 9-15, PageID.521). Williams told Brooks she was leaving him and had met someone else. (*Id.*) At some point, Brooks and Williams both exited the vehicle. (*Id.*) Brooks hit Williams in the mouth and the eye. (*Id.* at 521-22.) Williams jumped into her truck and grabbed a gun from the glove compartment. (*Id.* at 532). She closed her eyes and fired the gun out the car window. (*Id.*) Brooks died from a single gunshot wound to his head.

On November 2, 2015, Williams pled guilty to second-degree murder in exchange for the dismissal of the first-degree murder and felony-firearm charges. On December 21, 2015, the trial court sentenced her to 20 to 35 years.

Williams filed a delayed application for leave to appeal in the Michigan Court of Appeals raising two sentencing-related claims and an ineffective assistance of counsel claim. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Williams*, No. 334387 (Mich. Ct. App. Oct. 3, 2016). Williams then filed an application for leave to appeal in the Michigan Supreme Court. That court also denied leave to appeal. *See People v. Williams*, 500 Mich. 983 (May 2, 2017).

Williams then filed her habeas corpus petition. She asserts that the trial court improperly scored Offense Variable 6 of the state sentencing guidelines, that

her sentence was based on inaccurate information because the trial court failed to consider mitigating evidence, and that defense counsel was ineffective for failing to present mitigating evidence.

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to uphold state court adjudications on the merits unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the

state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation omitted). Under § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Habeas relief may be granted only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

## III. DISCUSSION

### A. Scoring of Offense Variable Six

In her first claim, Williams argues that the trial court erred when it scored twenty-five points for Offense Variable Six (OV 6), which concerns "the offender's intent to kill or injure another individual." Mich. Comp. Laws § 777.36(1).

"A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003). *See also Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not

4

subject to federal habeas relief). Thus, Williams' claim is not cognizable on federal habeas review.

B.  Mitigation Evidence

In her second claim, Williams argues that her sentence violated due process because it was based on inaccurate information. She also argues that her defense counsel was ineffective for failing to present mitigation evidence regarding domestic abuse at sentencing.

In a summary order, the Michigan Court of Appeals denied these claims for "lack of merit in the grounds presented." *People v. Williams*, No. 334387 (Mich. Ct. App. Oct. 3, 2016). A summary order like the one issued by the Michigan Court of Appeals is presumed to be an adjudication on the merits to which AEDPA deference applies. *See Harrington v. Richter*, 562 U.S. 86, 99-100 (2011). Williams offers no justification for overcoming the presumption that these claims were adjudicated on the merits, and the Court finds none. AEDPA's deferential standard of review applies.

A sentence based on "extensively and materially false" information "which the prisoner had no opportunity to correct" may constitute a federal due process violation. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). But Williams does not identify any inaccurate information on which the sentencing court relied. Instead, she argues that her rights were violated because the trial court failed to consider

5

mitigating evidence. The Constitution does not require that a sentencing court consider mitigating circumstances in a non-capital case. *United States v. Levy*, 904 F.2d 1026, 1035 (6th Cir. 1990). This claim, therefore, fails to state a constitutional violation.

Williams further claims that her defense counsel's failure to present evidence of domestic abuse at sentencing rendered counsel ineffective. The Sixth Amendment right to the effective assistance of counsel extends to sentencing proceedings. *Lafler v. Cooper*, 566 U.S. 156, 165 (2012). An ineffective assistance of counsel claim has two components. A petitioner must show that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient representation, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. In order to establish prejudice, a petitioner must show that, but for the constitutionally deficient representation, there is a "reasonable probability" that the outcome of the proceeding would have been different. *Id*. at 694.

The standard for obtaining habeas relief is "'difficult to meet.'" *White v. Woodall*, 572 U.S. 415, 419 (2014) (quoting *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013)). In the context of an ineffective assistance of counsel claim under *Strickland*, the standard is "all the more difficult" because "[t]he standards created

6

by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal citations and quotation marks omitted). "[T]he question is not whether counsel's actions were reasonable"; but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

Williams argues that counsel was ineffective in failing to present "a plethora of mitigating evidence in support of [her] case." (ECF No. 1, PageID.7). But defense counsel raised mitigation evidence. Defense counsel argued that Williams feared for her life based on the events of that evening and she discussed the history of Williams' volatile relationship with Brooks. She also noted that methamphetamine was found in Brooks' toxicology drug screen. Counsel directed the court's attention to the Personal Protection Order (PPO) which was part of the court file and detailed the violent incidents giving rise to the PPO. Counsel also highlighted Williams' initial and continued cooperation with police.

Williams argues that counsel should have done more. She points to photographs of her which show bruises and scratches from her altercation with the victim. She cites an evaluation by an expert in the field of domestic violence which would have substantiated her claim that she was assaulted. Williams argues that counsel also should have presented "documentation of previous altercations, abuse and protective orders." (*Id.*) She contends this evidence established that she

7

"faced danger, was assaulted, and had a reasonable fear for her life." (*Id.*)

The state court's summary decision denying relief on this claim was not contrary to or an unreasonable application of *Strickland*. Williams fails to overcome the presumption that counsel's decision about what arguments to advance at sentencing was the result of reasonable strategy. Counsel reasonably could have concluded that the court had before it sufficient evidence of the nature of Williams' relationship with Brooks.

Moreover, even assuming that counsel should have presented additional evidence at sentencing, Williams fails to show that she was prejudiced by the omission. First, during a hearing on Williams' motion for resentencing, the trial judge stated that he was aware of the domestic violence expert's report, "reviewed it and contemplated it" and "did take that all into consideration when [he] decided [the] sentence." (ECF No. 9-9, PageID.23-24). So even though counsel did not move to admit the report at sentencing, the court had reviewed the report in connection with a motion *in limine* and clearly considered the report. Second, also during the motion for resentencing hearing, the trial judge reviewed the two photographs taken of Williams after the shooting. The trial judge found the scratch shown in one photo to be insignificant and to possibly be an old scratch. (ECF No. 9-9, PageID.177). He was also unpersuaded by the photograph of Williams' face because it did not clearly show swelling or bruising of her eye. (*Id.* at 178). In any

8

event, the trial judge held that the photograph "could hurt as much as help" Williams' case because the degree of injury depicted "clearly does not show to me somebody that was involved in a fight that is protecting her life." (*Id.*) Because the court was unpersuaded by the arguments raised in Williams' motion for resentencing and denied the motion, Williams has not shown that she was prejudiced by her attorney's decision not to raise this evidence during sentencing. Habeas relief is denied on this claim.

Williams asks for the following relief relative to her ineffective assistance of counsel claim:

> That the court grant a *Ginther* motion, and remand for resentencing consistent with the lower guideline score.

(ECF No. 1, PageID.14.)

It is unclear whether Williams intends to raise a claim that the trial court erred in denying her an evidentiary hearing pursuant to *People v. Ginther*, 390 Mich. 436 (1973), on her ineffective assistance of counsel claim or whether she seeks an evidentiary hearing in this Court. Either way, she is not entitled to relief. First, a claim that the state court erred in denying a *Ginther* hearing is based upon a perceived violation of state law and cannot be a basis for habeas relief. *See Hawkins v. Woods*, 651 Fed. Appx. 305, 309 (6th Cir. 2016). Second, where a claim has been adjudicated on the merits in state court, the Court must limit habeas

review to the record that was before the court that adjudicated the claim on the merits. *See* 28 U.S.C. § 2254(d)(1); *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). Because Williams' ineffective assistance of counsel claim was adjudicated on the merits in state court, this Court is limited to the record that was before the state court.

Lastly, the Court declines Williams' request for a remand because a federal district court lacks authority to remand a federal habeas corpus proceeding to state court. *Harris v. Stovall*, 212 F.3d 940, 943 n.1 (6th Cir. 2000) ("It would be error for a federal court to 'remand' an action to the state appellate courts for the issuance of fuller findings to facilitate review under AEDPA or for a federal court to order any state court to issue fuller findings."). *See also Magwood v. Smith*, 791 F.2d 1438, 1449 (11th Cir. 1986) ("[A] federal district court or court of appeals has no appellate jurisdiction over a state criminal case and hence has no authority to 'remand' a case to the state courts.").

## IV. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, reasonable jurists would not debate the conclusion that the petition fails to state a claim on which habeas corpus relief should be granted. Therefore, the Court denies a certificate of appealability.

## V. ORDER

For the reasons given above, **IT IS ORDERED** that the petition for writ of habeas corpus and a certificate of appealability are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner may proceed *in forma pauperis* on appeal because an appeal may be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

Dated: June 7, 2021                         s/Stephanie Dawkins Davis
                                            Stephanie Dawkins Davis
                                            United States District Judge